# United States District Court
## Eastern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**DAVID LEE ARNETTE**<br>(Defendant's Name) | **JUDGMENT IN A CRIMINAL CASE**<br>(For **Revocation** of Probation or Supervised Release)<br>(For Offenses committed on or after November 1, 1987)<br>Criminal Number: **2:08CR00166-001**<br>**2:10CR00118-001**<br><br>Rachelle Barbour, Assistant Federal Defender<br>Defendant's Attorney |

**THE DEFENDANT:**

[✔]  admitted guilt to violation of charges 1, 2, and 3  as alleged in the violation petition filed on 11/2/2011 .
[ ]  was found in violation of condition(s) of supervision as to charge(s) __ after denial of guilt, as alleged in the violation petition filed on __.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following violations:

| **Violation Number** | **Nature of Violation** | **Date Violation Occurred** |
|---|---|---|
| Charge 1 | ILLICIT DRUG USE | 10/28/2011 |
| Charge 2 | USE OF ALCOHOL | 10/28/2011 |
| Charge 3 | FAILURE TO ABIDE BY LOCATION MONITORING CURFEW | 10/18/2011 |

The court:  [ ] revokes:  [ ] modifies:  [✔] continues under same conditions of supervision heretofore ordered on   8/3/2011  .

The defendant is sentenced as provided in pages 2 through  4  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  Charge(s) ___ is/are dismissed.

**Any previously imposed criminal monetary penalties that remain unpaid shall remain in effect.**

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

November 10, 2011
Date of Imposition of Sentence

*/s/ J. Mueller*
Signature of Judicial Officer

**KIMBERLY J. MUELLER**, United States District Judge
Name & Title of Judicial Officer

November 28, 2011
Date

| | | |
|---|---|---|
| CASE NUMBER: | 2:08CR00166-001 AND 2:10CR00118-001 | Judgment - Page 2 of 4 |
| DEFENDANT: | DAVID LEE ARNETTE | |

## SUPERVISED RELEASE

Upon release from imprisonment on 11/15/2011 to the custody of the probation officer, the defendant shall comply with the conditions of conditional release as ordered on 8/3/2011.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B-CAED (Rev. 3/04) Sheet 3 - Supervised Release    Case 2:10-cr-00118-KJM   Document 33   Filed 11/28/11   Page 3 of 4

| CASE NUMBER: | 2:08CR00166-001 AND 2:10CR00118-001 | Judgment - Page 3 of 4 |
|---|---|---|
| DEFENDANT: | DAVID LEE ARNETTE | |

# SPECIAL CONDITIONS OF SUPERVISION

1. Mr. Arnette will be supervised by the United States Probation Office in the Eastern District of California.

2. Mr. Arnette shall reside at P.T.L.C., XXXXX, Sacramento, CA 95818.[1] Any move from this facility must be approved in advance by his supervising U.S. Probation Officer. Further, the Probation Officer shall be notified immediately should Mr. Arnette move from the residence. Further, the Probation Officer shall be notified if the defendant absents himself from the facility outside core curfew hours (9:00 p.m. to 6:00 a.m.) or otherwise leaves the facility without the approval of the supervising Probation Officer.

3. Mr. Arnette shall participate in a program of mental health treatment and will go to a treatment provider approved by the supervising U.S. Probation Officer and cooperate with the prescribed medication regimen including the procedures utilized by the community provider to distribute medications including the use of injections.

4. Mr. Arnette will agree to a release of information between the U.S. Probation Office and all treatment providers.

5. Mr. Arnette will abstain from using alcohol or illicit drugs while released in the community, and shall submit to random urinalysis testing to test for those substances as directed by the Probation Officer.

6. Mr. Arnette will not be in possession of any type of weapons or firearms. He will not attempt to purchase any weapons or firearm.

7. Mr. Arnette will notify the probation officer within 72 hours of being arrested or questioned by law enforcement officials.

8. Mr. Arnette will submit to a warrantless search of person and property by law enforcement officials or the Probation Officer supervising him with or without probable cause or reasonable suspicion.

9. Mr. Arnette will submit to laboratory testing, breathalyser and other tests necessary to determine medication compliance or use of illegal substances.

10. Mr. Arnette will not leave the area of 50 miles from the United States District Court at 501 I Street, Sacramento, CA 95814 without permission of the Court or the Probation Officer.

11. Mr. Arnette shall permit a Probation Officer to visit him at his residence.

12. Mr. Arnette will not associate with any person engaged in criminal activity and shall not

---

[1]    Redacted per Fed. R. Crim. Pro. 49.1 for electronic filing.

associate with any person convicted of a felony unless granted permission to do so by the Probation Officer.

13. Mr. Arnette will be financially responsible and agree to meet financial obligations to the facility, apartment, or other type of living arrangement in which he resides, including using part, or all, of his Social Security benefits as payment for his room and board.

14. As directed by the probation officer, Mr. Arnette will notify third-parties of risks that may be occasioned by his criminal record, personal history, or characteristics, and shall permit the Probation Officer to make such notifications.

15. All standard conditions of release for the district which he resides will be in effect for Mr. Arnette during the time of his release.

16. Mr. Arnette shall agree to undergo serum blood level screening as directed by the treating physician, to ensure a therapeutic level of medication is maintained.

17. Mr. Arnette shall be monitored with location monitoring technology. Mr. Arnette shall abide by all technology requirements and shall pay all or part of the costs of participation in the location monitoring program, as directed by the court and/or the probation officer. Mr. Arnette shall be restricted to his residence at all times except for medication, necessities, and court appearances, or other activities specifically pre-approved by the probation officer. Mr. Arnette may request, at any time upon a showing of good cause, that the location monitoring be modified or discontinued.

18. In addition to specific permission to leave the facility for reasons approved in advance by the Probation Officer, the Probation Officer may allow for free time for the defendant when he is allowed to leave the facility for general recreational or personal purposes for limited time periods, so long as the defendant demonstrates to the satisfaction of the Probation Officers that the defendant can conduct himself in a safe and responsible fashion while outside the facility. These time periods may be increased or reduced over time as determined by the Probation Officer based upon the defendant's deportment and compliance with the all the conditions of his conditional release. Notwithstanding this, however, the defendant shall always be present at the residence approved by the Probation Officer during the core curfew periods of 9:00 p.m. to 6:00 a.m. absent extraordinary circumstances, approved by the Probation Officer (e.g., hospital admission, etc.).